

Peter A. Romero, Esq.
David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

May 1, 2025

**VIA ECF**
Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Jose Hernandez v. All Seasons Landscaping, Inc., et al.*
              Case No.: 24-CV-01053 (GRB) (AYS)

Dear Judge Brown:

      This firm represents Plaintiff Jose Hernandez, in the above-referenced action against his former employers, All Seasons Landscaping, Inc., and Francesco S. Abbondandolo, alleging that Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay him overtime wages when he worked more than forty (40) hours per week, as well as for failure to issue accurate wage statements pursuant to NYLL § 195(3), and failure to provide a wage notice at Plaintiff's time of hire pursuant to NYLL § 195(1). D.E. 1. While the parties were referred to mediation, prior to the scheduled mediation session, the parties agreed to a settlement of Plaintiff's claims. We now seek approval of the parties' settlement of Plaintiff's FLSA claims pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The parties have memorialized their resolution in a Settlement Agreement and Release ("Agreement"), attached hereto as **Exhibit A**.

      The Agreement is reasonable and in the best interest of Plaintiff. The parties agreed to fully and finally resolve all of Plaintiff's claims by having Defendants pay Plaintiff a total of $15,000.00, including attorneys' fees and costs. Plaintiff believes that the agreement is fair and reasonable under the circumstances. Defendants contend that Plaintiff is not entitled to unpaid overtime wage damages, as they believe he worked fewer hours than alleged, and provided certain records to support their allegations, which Plaintiff contends are not accurate. Defendants also contend that Plaintiff is not entitled to liquidated damages, whereas Plaintiff asserts that liquidated damages should be awarded because Defendants cannot establish that the alleged violations were part of good faith efforts to comply with the FLSA. Resolving these factual disputes would require costly discovery and ultimately a trial, which has inherent risk. Accordingly, resolving the action on behalf of Plaintiff at this early juncture provides certainty in that he will receive compensation for all of his alleged unpaid overtime wages.

In light of the significant litigation risks outlined above, all parties believe that this settlement is fair and reasonable. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages if a jury found that Defendants' violations were not willful, and found their recollection of events and records provided to be more credible. Accordingly, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to take depositions and likely brief numerous motions on the merits before trial could commence. As it stands, under the Agreement, Plaintiff will recover the entire amount of his actual FLSA and NYLL overtime damages, and a small percentage of his liquidated damages.

Here, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, the release in the Agreement is limited to wage-related claims. The release does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. See Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1-2 (S.D.N.Y. July 6, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. March 30, 2015) (prohibiting releases that "purport to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" but notes additional claims may be released in appropriate circumstances); Cheeks, 796 F.3d at 206 (noting judicial approval of settlements is necessary to avoid an "overbroad release" that waives all possible claims and to prevent potential abuse or overreach in settlements). Here, the release is narrowly tailored to release only claims relevant to the instant action. Likewise, the agreement does not contain a confidentiality clause or non-disclosure provision that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." Flood, 2015 WL 4111668, at *1 (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181). Finally, the agreement also does not contain a non-disparagement clause. As a result, there are no terms in the Agreement that would offend the dictates of Cheeks v. Freeport Pancake House, Inc.

As set forth in the attached Agreement, the parties have agreed to settle this matter for a total settlement amount of $15,000.00 (the "Settlement Amount"). This amount includes $5,380.73, representing attorneys' fees in the amount of $4,809.63, and costs incurred in the amount of $571.10. The attorney's fee represents one-third (33.3%) of the total settlement amount after deducting for costs and expenses and is reasonable. Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding his job duties, hours worked and compensation, commenced this action, assessed liability and damages, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf.

      In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved. We thank the Court for its time and attention to this matter.

                                                      Respectfully submitted,

                                                     */s Peter A. Romero, Esq.*
                                                     PETER A. ROMERO

CC:    All Counsel of Record (*Via* ECF)